IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KORY PUTNEY,

    Plaintiff,

v.

SHERIFF JEFFREY R. GAHLER,
WARDEN DANIEL GALBRAITH,

    Defendants.

Civil Action No. 1:24-cv-1459-LKG

Dated: June 10, 2025

## MEMORANDUM OPINION

Pending in the above-entitled civil rights action is Defendants' Motion to Dismiss the Complaint for failure to state a claim. ECF No. 18. Plaintiff Kory Putney was notified of his right to file an opposition to the pending motion and of the consequences of failing to do so (ECF No. 19) but has filed nothing further in this case. No hearing is necessary. *See* L. R. 105.6 (D. Md. 2023). For the reasons that follow, Defendants' Motion to Dismiss shall be GRANTED.

### Background

Plaintiff Kory Putney filed this Complaint while he was incarcerated at the Harford County Detention Center ("HCDC") claiming that he had "no direct access to the law library." ECF No. 1-1 at 2. He alleges his Fourteenth Amendment right to due process was violated by the procedures in place at HCDC because he was required to write a request, called a DC-129, to the librarian for "law, case law, etc.," but he is only allowed under the policy to acquire 40 pages of material per month. *Id*. This means that if Putney wanted to read a case that is longer than 40 pages, he could only read it over the course of a two-month time period. *Id*. He states that he had multiple issues to investigate, requiring multiple cases to read, which "leads to a de facto and de jure denial of adequate, effective, and meaningful access to the law library; and the courts by extension." *Id*. He states that if he had direct access to the law library, he could read the cases himself, decide if he needed a copy of the entire case, write what he needed from each case, or decide if it is the wrong case. *Id*.

Putney rejects the notion that lawyers, public defenders, and legal aid offices are of any assistance with the problem he highlights in his Complaint because they "have nothing to do with a law library." ECF No. 1-1 at 3. He further states that the HCDC law library has computers, and because it does, it "has virtually anything and everything I could request." *Id.* He explains that the problem lies when he does not know exactly what he is looking for, such as the exact case he needs. *Id.*

Putney further explains that he is "not attempting to litigate his cases or the legal malpractice [he] suffer[s]" but he is fighting his cases himself. ECF No. 1 at 3. He states that on February 3, 2023, he was arrested and has been incarcerated ever since; his first pre-trial conference was scheduled for May 22, 2024. *Id.* He has two different cases and is represented by two different public defenders "but have 3 total legal visits since February 3, 2023." *Id.*

Putney alleges that he needs to use the law library to "answer the myriad of questions that stem from the facts of [his] cases" so that he can protect his rights. *Id.* He states that the questions he needed answers for included laws about warrantless searches of his house that resulted in a gun charge against his codefendant. *Id.* at 3-4. Putney also states that he needed to research the sufficiency of the evidence standard for criminal charges. *Id.* at 4. He concludes that he could not answer these questions without a law library and that the policy in place denying him access to the law library were promulgated by Defendants. *Id.* The relief he seeks is immediate access to the law library as well as compensatory and punitive damages. *Id.* at 5.

**Standard of Review**

Defendants Gahler and Galbraith move to dismiss the Complaint because it fails to state a claim pursuant to Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6). ECF No. 18 at 6. Defendants also cite the requirements applicable to actions filed in forma pauperis, codified in 28 U.S.C. § 1915(e)(2)(B), which require dismissal of any claim that is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune. *Id.*

In reviewing the Motion, the Court accepts the well-pleaded allegations as true and in the light most favorable to Putney. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'" *E.E.O.C. v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right

to relief above a speculative level." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557).

Although pro se pleadings are construed generously to allow for the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), courts cannot ignore a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.") (internal citation omitted)). "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2009).

Under Fed. R. Civ. P. 8(a), a pleading which sets forth a claim for relief, shall contain "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . " Moreover, each "allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Threadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). So long as the pleading adequately states a claim, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Twombly*, 550 U.S. at 561.

Factually frivolous claims involve "allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992) (internal citations and quotation marks omitted). To determine if a claim is frivolous, this Court may "apply common sense." *Nasim v. Warden, Md. House of Correction,* 64 F.3d 951, 954 (4th Cir. 1995) (en banc).

**Discussion**

Prisoners have a constitutionally protected right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977). However,

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U.S. 343, 355 (1996).

"Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *O'Dell v. Netherland*, 112 F.3d 773, 776 (4th Cir. 1997) (quoting *Lewis*, 518 U.S. at 355). "The requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Lewis*, 518 U.S. at 349. Actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. *Id.* at 399.

Putney's claim fails because he has not demonstrated that access to the law library as he felt was needed for his research caused him an actual injury. At the time he was allegedly denied access to the law library, Putney was represented by counsel in his criminal cases. His alleged inability to research the law pertaining to his criminal charges resulted in no harm to his case given that he was represented by counsel.

To the extent that Putney alleges that he has a Fourteenth Amendment right to access the law library so that he may find case law, statutes, or other legal material that would either explain his criminal charges to him or establish his innocence, he is mistaken. Putney's liberty interest is protected via the criminal trial itself wherein he must be proven guilty beyond a reasonable doubt.

Further, the Sixth Amendment includes a guarantee for criminal defendants to be given notice of the nature and cause of the accusations against them, the right to confront witnesses, the right to an impartial jury trial, the right to a speedy and public trial, and the right to counsel, but

4

it does not include a right to access legal material that is relevant to criminal charges pending against the criminal defendant.

Try as he might, Putney cannot create a constitutional claim out of the HCDC law library policies. Accordingly, the Motion to Dismiss shall be GRANTED by separate Order which follows.

**IT IS SO ORDERED.**

LYDIA KAY GRIGGSBY
United States District Judge

5